UNITED STATES DISTRICT COURT **FILED**

DISTRICT OF CONNECTICUT

2004 FEB 23  A 11: 39

BRUCE JEFFERSON

v.

OFFICER RICCIO, ET AL.

U.S. DISTRICT COURT
PRISONER CASE NO.
HARTFORD, CT
3:02cv754 (AVC)(TPS)

### RULING AND ORDER

Pending is a renewed motion for appointment of counsel and for stay of the proceedings.  **[Dkt. # 31]**.  For the reasons set forth below, the motion is **DENIED**.

The plaintiff asks the court to stay the proceedings to enable him to complete discovery. He claims that he cannot respond to the defendants' motion for summary judgment without certain documents and videotapes.

Summary judgment is appropriate only where adequate time has been afforded to the non-moving party for full discovery.  Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986); see Schering Corp. v. Home Ins. Co., 712 F.2d 4, 10 (2d Cir. 1983) (summary judgment not appropriate where non-moving party seeks discovery of favorable information).  Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition [to a motion for summary judgment], the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).  Although the plaintiff's motion does not reference Rule 56(f), the court liberally construes the motion as having been brought pursuant to this rule.

The Second Circuit has held that a party seeking a continuance to respond to a motion for summary judgment on the ground that it needs additional discovery in order to defeat the motion must submit an affidavit showing "'(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" Meloff v. New York Life Ins. Co., 51 F.3d 372, 375 (2d Cir. 1995) (quoting Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.2d 414, 422 (2d Cir. 1989)); accord, Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994); Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985).

The plaintiff has failed to file an affidavit in support of his motion.  In addition, the plaintiff's motion does not include information in response to any of the four questions set forth by the Second Circuit in Meloff.  The plaintiff generally claims that the Department of Correction officials and staff have hindered and obstructed his ability to complete discovery.  He does not indicate that he has served or attempted to serve any specific discovery requests on counsel for the defendants, he does not identify the information he seeks to discover and does not indicate how the

2

information will create issues of material fact with respect to the allegations in the amended complaint.

The court concludes that the plaintiff has failed to demonstrate how any information he might uncover through specific requests for production of documents or interrogatories would create genuine issues of material fact regarding the claims raised in the amended complaint. Accordingly, the request to stay the proceedings is denied.

The plaintiff also renews his request for appointment of pro bono counsel. The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff attaches a letter from an attorney from the Inmates' Legal Assistance Program ("ILAP") dated March 12, 2003. The attorney explains to the plaintiff that ILAP cannot represent him in a court proceeding, but can give legal advice and prepare legal papers for him. The attorney also informs the plaintiff that he must exhaust his administrative remedies prior to filing a lawsuit and explains the law governing sexual harassment cases against prison officers. Finally, the attorney informs the plaintiff that without incident reports and witness statements to support his claim of repeated sexual abuse, he has not stated a viable claim for sexual harassment. The attorney directs the plaintiff to submit any additional information or evidence in

3

support of his claim to her for review. The plaintiff does not indicate that he submitted any additional information to ILAP. Thus, the court concludes that the plaintiff has failed to demonstrate that he has made sufficient efforts to secure legal assistance on his own.

Another factor considered by the court in determining whether to appoint counsel for a party is "whether the indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61. Once the claim meets this test, the court should then consider other reasons why appointment of counsel would be warranted. Id. In Cooper v. Sargenti, 877 F.2d 170, 173-74 (2d Cir. 1989), the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171. Here, the defendants have moved for summary judgment on several grounds including failure to exhaust administrative remedies, failure to state a claim, and qualified immunity. While the court makes no decision on the ultimate merits of this action, based on the limited record before the court, including the motion for summary judgment and the affidavits of the defendants and Grievance Coordinator Ahmed in support of the motion for summary judgment, it concludes that the appointment of counsel is not warranted at this time. Should further development of the record

4

indicate that the plaintiff's claim has likely merit, the court will consider appointing counsel in the future.

The plaintiff's Renewed Motion for Appointment of Counsel and Motion for Stay of the Proceedings [doc. # 31] is DENIED. The plaintiff shall file his response to the Motion for Summary Judgment on or before **March 12, 2004.**

The court again gives notice to the plaintiff that any factual assertions in the documents accompanying the defendants' motion will be accepted as true unless the plaintiff files affidavits or other documentary evidence contradicting these assertions. The plaintiff may not simply rely on his amended complaint, nor is a memorandum sufficient to oppose the defendants' motion. The plaintiff must respond to the motion for summary judgment with affidavits[1] made on personal knowledge or other documentary

---

[1] Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in

evidence to show that there is a genuine issue of material fact for trial.

If the plaintiff does not so respond, summary judgment may be entered against him.   If summary judgment is granted against the plaintiff, the case will not proceed to trial.   Instead, judgment will enter in favor of the defendants.

Furthermore, a party opposing a motion for summary judgment has obligations under Local Civil Rule 9(c)2 of the United States District Court for the District of Connecticut.   That rule requires a party opposing summary judgment to include in his opposition papers a "Local Rule 9(c)2 Statement."   The Local Rule 9(c)2 Statement is in response to the moving party's 9(c)1 Statement of Material Facts which sets forth the facts which it contends are undisputed.   The plaintiff must state whether he admits or denies each such fact.   The plaintiff's 9(c)2 statement must also list in a separate section each issue of material fact which the plaintiff contends must be tried.   In addition, Local Rule 9 requires that:

> [e]ach statement of material fact in a Local
> Rule 9(c) Statement by a movant or opponent
> must be followed by a citation to (1) the
> affidavit of a witness competent to testify as
> to the facts at trial and/or (2) evidence that
> would be admissible at trial.   The affidavits,
> deposition testimony, responses to discovery

---

> this rule, must set forth specific facts
> showing that there is a genuine issue for
> trial. If the adverse party does not so
> respond, summary judgment, if appropriate,
> shall be entered against the adverse party.

> requests, or other documents containing such
> evidence shall be filed and served with the
> Local Rule 9(c) Statement in conformity with
> Fed. R. Civ. P. 56(e).

D. Conn. L. Civ. R. 9(c)3.  If the plaintiff does not file a 9(c)2

statement, all material facts set forth in the moving party's Rule

9(c)1 statement will be deemed admitted.

Any response to the motion for summary judgment including

affidavits or other documentary evidence must be filed on or before

March 12, 2004.  The court hereby informs the pro se plaintiff that

"failure to submit a memorandum in opposition to [the] motion may

be deemed sufficient cause to grant the motion,"  Rule 9(a), D.

Conn. L. Civ. R. (D. Conn.), and that if no opposition is filed on

or before March 12, 2004, the defendants' motion shall be granted.

See generally Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court

has obligation to make certain that pro se litigants are aware of

the local rules and understand the consequences of the failure to

comply with such rules).

SO ORDERED this 23rd day of February 2004, at Hartford,

Connecticut.

_____
Thomas P. Smith
United States Magistrate Judge